UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DERO ROOFING, LLC (A/A/O
CASA DE MARCO OF COLLIER,
INC.),

      Plaintiff,

v.                                          Case No: 2:21-cv-688-SPC-MRM

TRITON, INC.,

      Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendant Triton, Inc.'s Notice of Removal. (Doc. 1). This product liability suit stems from the alleged failure of roofing products made by and bought from Triton. Plaintiff Dero Roofing, LLC sues Triton for strict liability and negligence. (Doc. 1-1). Triton denies both claims. (Doc. 2).

A defendant may remove a case from state court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c). "A removing

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). What is more, because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Courts also must resolve "all doubts about jurisdiction . . . in favor of remand to state court." *Id.* at 411.

Federal courts have original jurisdiction over cases with complete diversity and an amount in controversy over $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Triton has shown neither citizenship nor the amount in controversy.

According to Triton, the parties are diverse. It identifies as an Iowa corporation with its principle place of business there. Triton says that Plaintiff is a Florida limited liability company whose sole member, David Derogatis, "is a resident and citizen of Florida." (Doc. 1 at 2). But residency is not enough. Individuals are citizens where they are domiciled, not necessarily where they are residents. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Because Triton gives no allegations on Derogatis' domicile, it has not adequately pleaded diversity of citizenship.

Even had Triton shown the parties to be diverse, it falls short on the amount in controversy requirement. The Complaint seeks damages "in excess

of $30,000." (Doc. 1-1 at 1). Because that amount does not satisfy the threshold for federal court, Triton relies on the state court Civil Cover Sheet that estimates the claim to be "over $100,000." (Doc. 1-3 at 3). That document, which is Fla. R. Civ. P. Form 1.997 states, "The civil cover sheet and information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law." (Doc. 1-3 at 3). It also notes the form is used for reporting purposes under Florida Statutes. (Doc. 1-3 at 3). So the Civil Cover Sheet is not a verified pleading or material evidence on the amount-in-controversy. *See Unwin v. Hartford Ins. Co. of the Midwest*, No. 2:21-CV-135-SPC-NPM, 2021 WL 1821415, at *3 (M.D. Fla. Apr. 9, 2021) (finding a state court civil cover sheet was not enough to prevent remand); *Bell v. Ace Ins. Co. of the Midwest*, No. 2:20-cv-309-JLB-NPM, 2020 WL 7396934, at *3 (M.D. Fla. Dec. 17, 2020) ("To give the state civil cover sheet a substantive effect for purposes of the removal statute, as Plaintiffs argue the Court should do, would contravene the Supreme Court of Florida's own rule prohibiting the use of information in the cover sheet for any purpose other than the State's collection of data."). Without more, the Court questions whether Triton has satisfied the amount in controversy requirement.

Because Triton has shown neither a diversity of citizenship nor the amount in controversy, subject matter jurisdiction is unclear, and Triton must supplement.

Accordingly, it is now

**ORDERED:**

Defendant must **SUPPLEMENT** the Notice of Removal (Doc. 1), **on or before September 23, 2021** to show cause why this case should not be remanded for no subject matter jurisdiction. **Failure to comply with this Order will cause remand without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on September 16, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record