UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DERO ROOFING, LLC,

    Plaintiff,

v.                                  Case No.:   2:21-cv-688-SPC-MRM

TRITON, INC. and BASF
CORPORATION,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court are Defendant BASF Corporation's motion to dismiss (Doc. 47) and Defendant Triton, Inc.'s motion to join BASF's motion to dismiss (Doc. 48). Plaintiff Dero Roofing, Inc. has not responded to either motion. The Court grants both motions and dismisses the amended complaint (Doc. 34).

## BACKGROUND

The Court recounts the factual background as pleaded in the amended complaint, which it must take as true to decide whether the amended

---

[1] Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

complaint states a plausible claim. *See Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198–99 (11th Cir. 2012).

Dero is a roofing contractor hired to repair damages to two condominium properties following Hurricane Irma. (Doc. 34 ¶¶ 3, 11–14, 16). After making those repairs, Triton trained Dero remotely and in person to become a certified applicator of its products. (*Id.* ¶ 18–19). Dero then returned to both condominium properties to apply two products to its completed repair. (*Id.* ¶ 20–22). Following this application, property damage appeared on one property; Dero reported the damage to Triton, but Triton did not inspect or attempt to correct the damage. (*Id.* ¶¶ 23, 25). Triton later admitted to Dero that a defect existed in the batch of product Dero applied to the properties. (*Id.* ¶ 27).

Dero has become responsible for property damage to the properties and has sued both Triton and its supplier, BASF, for strict products liability defective design (Count I), strict products liability defective manufacturing (Count II), fraudulent concealment and misrepresentation (Count III), negligent products liability (Count IV), and strict liability failure to warn (Count V[2]). (*Id.*).

---

[2] The amended complaint labels Count V as "Count IIV."

## LEGAL STANDARD

Together, Federal Rules of Civil Procedure 8 and 10 establish the minimum pleading requirements. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And each "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

A defendant can attack a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A party must plead more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In considering a motion to dismiss, a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). But acceptance of a complaint's allegations is limited to well-pleaded allegations. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

## DISCUSSION

### A. Triton's Motion to Join

Although Triton has answered (Doc. 35) the amended complaint (Doc. 34), it now moves to join BASF's subsequently filed motion to dismiss. (Doc. 48). Because Dero has not responded, the Court treats the motion as unopposed. *See* Local Rule 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

Federal Rule of Civil Procedure 12(b)(6) provides that a motion to dismiss for failure to state a claim "must be made before pleading." But a party may raise the failure-to-state-a-claim defense in any pleading allowed under Rule 7(a), by a Rule 12(c) motion, or at trial. *See* Fed. R. Civ. P. 12(h)(2).

A Rule 12(c) motion asks for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Courts apply the same legal standard to motions brought under Rule 12(c) and 12(b)(6). *See Hogan v. Provident Life & Accident Ins. Co.*, No. 6:08-cv-1897-Orl-19KRS, 2009 WL 2169850, at *3 (M.D. Fla. June 20, 2009) (citations omitted). And if a court finds a Rule 12(c) motion to be meritorious, it may dismiss the complaint without prejudice. *Id.* at *3 (citing *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir.1976)).

4

Because Triton's motion is unopposed, the Court will allow Triton to join BASF's motion, and it will evaluate the arguments under the Rule 12(b)(6) standard.

**B. Defendants' Motion to Dismiss**

Dero has not responded to the motion to dismiss, and under Local Rule 3.01(c), the Court may simply grant the motion as unopposed. But the Court concludes that dismissal is warranted on the merits.

*1. The amended complaint is a shotgun pleading*

Defendants argue that the amended complaint should be dismissed as a shotgun pleading for failure to specify which Defendant is responsible for which alleged acts and omissions, or against which Defendant the individual claims are alleged. (Doc. 47 at 6–8). The Court agrees.

Shotgun pleadings violate the pleading rules by failing to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). The Eleventh Circuit has identified four varieties of shotgun pleadings, including a pleading that combines multiple claims against multiple defendants without specifying which defendant is responsible for which act. *Id.*

Dismissing a complaint as a shotgun pleading is appropriate when:

5

> "It is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief," where the failure to "more precisely parcel out and identify the facts relevant to each claim materially increase[s] the burden of understanding the factual allegations underlying each count," or where the complaint indiscriminately lumps together multiple defendants without specifying how each is responsible for acts or omissions that give rise to a claim for relief.

*Clifford v. Federman,* 855 F. App'x 525, 528 (11th Cir. 2021) (per curiam) (quoting *Weiland,* 792 F.3d at 1323–25).

The amended complaint repeatedly describes "Defendants'" actions without specifically attributing conduct to either. Because the amended complaint's allegations do not distinguish between BASF and Triton, Defendants do not have adequate notice of the claims against them. And, as discussed below, this general pleading deficiency is an error from which the amended complaint's other substantive deficiencies flow.

What's more, each of the amended complaint's several counts incorporates by reference all allegations of its predecessor counts, littering the complaint with irrelevant factual allegations and legal conclusions. So the amended complaint is a shotgun pleading twice over. *Weiland,* 792 F.3d at 1321. Consequently, the amended complaint is due to be dismissed in its entirety as a shotgun pleading.

### *2. Count III is not pleaded with particularity*

Defendants next argue Dero's claim for fraudulent misrepresentation and concealment (Count III) fails to meet Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. (Doc. 47 at 8–11). Defendants contend Count III lacks both allegations of the statements or omissions underlying the claim, and allegations attributing those statements or omissions to a specific Defendant. (*Id.* at 9–10).

Rule 9(b) requires a complaint to "state with particularity the circumstances constituting fraud or mistake," including "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [p]laintiff[ ]; and (4) what the defendants gained by the alleged fraud." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (citation omitted). The plaintiff must allege facts about each defendant's participation in the fraud. *Id.*

And yet Count III's allegations commingle the actions of both Defendants and generally claim Defendants knew that the products physically damaged roofs, buildings, and other structures (Doc. 34 ¶ 65), intentionally concealed that information from Dero (*Id.* ¶ 68), and affirmatively represented that the products were harmless. (*Id.* ¶ 71). Count III does not allege the precise statements made, the precise information concealed, or the person or persons

7

who made the statements or concealments. Count III lacks factual allegations that must be alleged with particularity to satisfy the pleading standards of Rule 9(b). *See Am. Dental Ass'n,* 605 F.3d at 1291. So Count III is dismissed.

3. *The remaining counts fail to state a claim*[3]

   a. <u>Counts I and II—Strict Liability Design and Manufacturing Defects</u>

Defendants argue Counts I and II fail because they do not provide factual allegations that identify BASF's role in the design or manufacture of the allegedly defective products. (Doc. 47 at 12). The Court agrees.

In Florida, a plaintiff asserting a strict products liability claim must establish "(1) the manufacturer's relationship to the product in question, (2) the unreasonably dangerous condition of the product, and (3) the existence of a proximate causal connection between the condition of the product and the plaintiff's injury." *Cintron v. Osmose Wood Preserving, Inc.,* 681 So. 2d 859, 861 (Fla. 5th Dist. Ct. App. 1996) (citation omitted); *see also Bailey v. Janssen Pharmaceutica, Inc.,* 288 F. App'x 597, 605 (11th Cir. 2008) (per curiam) ("We are not convinced that Florida law applies a rigid distinction among the various theories of recovery available to plaintiffs under strict products liability such

---

[3] BASF moves, in the alternative, for a more definite statement (Doc. 47 at 16–17), but because the Court finds the arguments for dismissal meritorious, it will not address the motion for more definite statement beyond this acknowledgment.

that a plaintiff would be required to expressly plead 'design defect' versus 'manufacturing defect' at the complaint stage." (citations omitted)).

The amended complaint alleges that BASF "supplied some and/or all of [the allegedly defective] products to TRITON and/or the Plaintiff." (Doc. 34 ¶ 9). But the amended complaint also attributes—in a conclusory manner—the products' research, development, design, testing, and manufacturing jointly to both Defendants. (*Id.* at 14–19).

There are no factual allegations about the independent roles BASF and Triton played in the design and manufacture of the products. *See Gomez v. Pfizer, Inc.*, 675 F. Supp. 2d 1159, 1163 (S.D. Fla. 2009) (dismissing strict liability counts where allegations were made against both defendants and "the roles they individually played in the design and manufacture of the products in question [were] not alleged"). Apart from the allegation that BASF supplied the products to Dero (an action seemingly unrelated to the products' design or manufacturing), no factual allegations distinguish BASF's role from that of Triton. And it is therefore impossible to discern from the factual allegations what Defendants' relationships are to these products.

Counts I and II fail to state claims for strict liability design and manufacturing defects. So those counts are dismissed.

b. Count IV—Negligence

Consistent with their shotgun pleading arguments, Defendants argue Count IV fails because its commingled allegations against both Defendants fail to satisfy the elements of duty and breach to support a claim for negligence. (Doc. 47 at 13–14). Defendants are correct. Count IV's allegations about duty and breach do not distinguish between BASF and Triton, their individual actions vis-à-vis the products, and Dero's use of the same. (Doc. 34 at 24–27).

But a products liability claim sounding in negligence "requires the plaintiff to establish the duty, breach, and causation elements as to each defendant." *Bailey*, 288 F. App'x at 609. Count IV is deficient and is dismissed.

c. Count V—Strict Liability Failure to Warn

Defendants argue Count V fails to state a strict liability claim for failure to warn because it does not allege the content of the warning that accompanied Triton's products or explain how the information Defendants provided was inadequate. (Doc. 47 at 15).

To state a claim for strict liability failure to warn, a pleading must allege (1) the defendant manufactured or distributed the product, and (2) failed to warn adequately of "a particular risk that was known or knowable in light of the generally recognized and prevailing best scientific . . . knowledge available at the time of manufacture and distribution." *See Witt v. Stryker Corp. of*

*Michigan*, 648 F. App'x 867, 871 (11th Cir. 2016) (citing *Griffin v. Kia Motors Corp.*, 843 So. 2d 336, 339 (Fla. 1st DCA 2003)).

But a plaintiff cannot simply make conclusory statements about the inadequacy of a warning without reciting the contents of the warning, detailing the information provided to the consumer, or explaining how the contents of the warning were inadequate. *Bailey*, 288 F. App'x at 608–09 n.13 (affirming dismissal of a strict liability claim for failure to warn where the complaint did not "recite the contents of the warning label or the information available . . . or otherwise describe the manner in which the warning was inadequate"); *Tsavaris v. Pfizer, Inc.*, No. 1:15-CV-21826-KMM, 2016 WL 375008, at *3 (S.D. Fla. Feb. 1, 2016) (the complaint must "plead the content of the warning label or otherwise describe the manner in which the warning was inadequate").

The amended complaint makes conclusory allegations that pertain generally to a failure to warn claim sounding in strict liability. (Doc. 34 at 28–30). But it makes no factual allegations relaying the contents of the warning that did accompany Triton's products or explaining how the information provided was inadequate. This is insufficient, and Count V is dismissed.

## CONCLUSION

In conclusion, the Court grants Defendants' motions and dismisses the amended complaint without prejudice.

Accordingly, it is

**ORDERED:**

(1) Defendant Triton, Inc.'s motion to join (Doc. 48) is **GRANTED**.

(2) Defendant BASF Corporation's motion to dismiss (Doc. 47), as joined by Triton, is **GRANTED**. The amended complaint (Doc. 34) is **DISMISSED without prejudice**.

(3) Plaintiff Dero Roofing, Inc. may file a second amended complaint consistent with this Opinion and Order on or before **June 24, 2022**. **Failure to do so may cause the Court to dismiss this action without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on June 10, 2022.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record