UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DERO ROOFING, LLC,

    Plaintiff,

v.                                      Case No.:  2:21-cv-688-SPC-KCD

TRITON, INC.,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Triton, Inc.'s Motion to Compel. (Doc. 93).[1] No opposition has been filed, and the time to do so expired. The Court thus treats this matter as unopposed. For the reasons below, Triton's motion is granted.

## I. Background

This is a products liability case in the discovery phase. Plaintiff Dero Roofing, LLC is a contractor that repaired roof damage at two condominium buildings—Casa de Marco and Huron Cove. Triton manufactured and distributed the products Dero used for the repairs. Unfortunately, the products

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

did not perform well and streaked down the roof tiles onto other parts of the buildings.

Casa de Marco and Huron Cove assigned their legal claims against Triton to Dero, who then brought this suit. (Doc. 78.) Now, Triton asks the Court to resolve several discovery grievances, including inadequate interrogatory responses, incomplete damages calculations, and breach of a confidentiality agreement. (Doc. 93.)

## II. Standard of Review

The discovery process is designed to fully inform the parties of the relevant facts involved in their case. Federal Rule of Civil Procedure 26 provides the scope of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

As this language suggests, discovery is meant to be broad. The information must relate to a claim or defense, but it "need not be admissible in evidence." *Id.* In short, "[t]he Federal Rules of Civil Procedure strongly favor

full discovery whenever possible." *Grayson v. No Labels, Inc.*, No. 6:20-CV-1824-PGB-LRH, 2021 WL 8199894, at *3 (M.D. Fla. Nov. 17, 2021).

The party moving to compel discovery bears the initial burden of proving it is relevant. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016). The responding party must then demonstrate how the discovery is improper, unreasonable, or burdensome. *Aileron Inv. Mgmt., LLC v. Am. Lending Ctr., LLC*, No. 8:21-CV-146-MSS-AAS, 2021 WL 5961144, at *1 (M.D. Fla. Dec. 16, 2021). "When opposing the motion [to compel], a party must show specifically how the requested discovery is" objectionable. *Nolan v. Integrated Real Est. Processing, LP*, No. 3:08-CV-642-J-34HTS, 2009 WL 635799, at *1 (M.D. Fla. Mar. 11, 2009).

### III. Discussion

The Court considers each of Triton's requests in turn.

### A. Triton's Fourth Interrogatories

Triton served a fourth set of interrogatories aimed at identifying who owned the property Dero claims was damaged. (Doc. 93 at 2-4.) These interrogatories are relevant, according to Triton, because they will help determine whether Dero's claims can survive the economic loss rule at summary judgment. (*Id.*) The Court has already explained that the economic

3

loss rule is a potential hurdle on these facts. (Doc. 85 at 10-12.) Thus, the interrogatories are plainly relevant.

Dero responded to the discovery, but Triton claims its answers are deficient in two ways. First, Dero failed to answer an interrogatory. (Doc. 93 at 2-4.) And second, Dero describes what damages it is seeking but fails to answer the main question: who owns the damaged property. (*Id.*)

Triton's complaints are well-taken. First, a party may not simply ignore an interrogatory. Each one must be "answered separately and fully in writing and under oath" or the grounds for objecting "must be stated with specificity." Fed. R. Civ. P. 33(b). Thus, Dero's failure to respond to an interrogatory is not acceptable. The second issue Triton raises is a little more nuanced. In short, the Court finds the information Dero provided could feasibly be read to answer Triton's query as to property ownership.

But no matter, Dero's interrogatory answers are deficient in another way—they contain both an objection and an answer. Following each interrogatory, Dero lists a series of boilerplate objections. A partially substantive response is then provided "without waiving" the objections. (*See* Doc. 93-1.)

This problematic approach "raises a fairly straightforward question: if a party objects to a question or request but then answers, has the objection been waived despite the claimed reservation of the objection?" *Pepperwood of Naples*

4

*Condo. Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 2:10-CV-753-FTM-36, 2011 WL 4382104, at *4-5 (M.D. Fla. Sept. 20, 2011). For this reason, such a tactic "lacks any rational basis. There is either a sustainable objection to a question or request or there is not." *Id.* "Objecting but answering subject to the objection is not one of the allowed choices." *Mann v. Island Resorts Dev., Inc.*, No. 3:08CV297/RS/EMT, 2009 WL 6409113, at *3 (N.D. Fla. Feb. 27, 2009). Also, Dero's response appears to be unsigned and unverified. *See* Fed. R. Civ. P. 33(b)(5). Given these deficiencies, Triton's motion is granted. Dero must provide new and complete answers to the fourth set of interrogatories. *Pepperwood*, 2011 WL 4382104, at *4 (when a party's interrogatory response contains both an objection and an answer, "[t]his court cannot logically conclude that the objection survives the answer."); *Mann*, 2009 WL 6409113, at *3 ("A voluntary answer to an interrogatory is also a waiver of the objection.").

### B. Triton's Third Interrogatories

Triton's third set of interrogatories also sought information about ownership of the damaged property, but Dero's objection was different. (Doc. 93 at 4-6.) In response to these questions, Dero simply told Triton to subpoena the information from Huron Cove or Casa de Marco. (Doc. 93-2 at 1-2.) As Triton notes, this won't do. This Court has held, on nearly identical facts, that a plaintiff-assignee may not merely direct a defendant-insurer to subpoena the

5

property owner for information on the damage it claims. *Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 684-85 (M.D. Fla. 2005). Even claiming the information is outside the plaintiff-assignee's possession is not enough. *Id.* at 686 ("If [the assignee] is arguing that the information is possessed only by the [assignor's] personnel, it must make an effort to interview those witnesses and obtain the requested information. If the [assignor] refuses to make its personnel available to [the assignee] for interviews, [the assignee] must set forth its efforts in the supplemental interrogatory response."); *see also Lincoln Rock, LLC v. City of Tampa*, No. 8:15-CV-1374-T-30JSS, 2016 WL 6138653, at *14 (M.D. Fla. Oct. 21, 2016); *Forte v. Otis Elevator Co.*, No. 1:14-CV-20360-UU, 2015 WL 12860841, at *3 (S.D. Fla. Feb. 18, 2015).

This alone is enough to compel a supplemental response. But Dero's answers to the third set of interrogatories also suffer from the same objection-and-answer format discussed above. Thus, it is ordered to provide updated and complete answers to this set of interrogatories too.

### C. Dero's Damages Computation

Next, Dero has purportedly refused to supplement its damages disclosure under Fed. R. Civ. P. 26. (Doc. 93 at 6-7.) Dero initially disclosed that it was seeking over $800,000 in damages. But the Court has since

6

dismissed many of its claims. Left unsure as to the surviving damages, Triton demanded an updated number. It never got one. (*Id.*)

The Federal Rules of Civil Procedure require a party to "supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). Without an explanation from Dero, the Court finds its omission unreasonable and compels a supplement. *See* Fed. R. Civ. P. 26(e)(1)(B).

### D. Confidentiality Stipulation Compliance

The parties apparently entered into a confidentiality agreement that permits them to mark material as "Attorney's Eyes Only." (Doc. 93 at 7.) Triton claims it was surprised to find a hyperlink to such classified documents in Dero's expert's report. (*Id.*) Under the terms of the agreement, confidential documents can be shared with an expert witness only if the parties consented, the Court ordered, or the expert signed the agreement. (*Id.* at 7-8.) Triton claims these conditions have not been met and, because the motion is unopposed, the Court takes it at its word. Dero is therefore directed to fully comply with the confidentiality agreement, including the provisions related to inadvertent disclosure.

### E. Expenses and Fees

Finally, Triton asks the Court to award the expenses and fees incurred in making this motion. (Doc. 93 at 9.) If a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed— the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). This sanctions provision is self-executing. The court *must* award expenses if a motion to compel is successful. *See KePRO Acquisitions, Inc. v. Analytics Holdings, LLC*, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021).

There is no doubt that Rule 37(a)(5) applies here. Dero's interrogatory responses are contradictory and incomplete, and it failed to timely supplement its initial damages disclosure. Thus, "an award of attorney's fees and expenses is mandated." *Bayer Healthcare Pharms., Inc. v. River's Edge Pharms., LLC*, No. 1:11-CV-1634-RLV-ECS, 2014 WL 12789352, at *6 (N.D. Ga. Mar. 21, 2014).

Rule 37 does have a safe-harbor provision. The court need not order sanctions if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

8

The burden of avoiding sanctions rests on the disobedient party. *See, e.g.*, *Eichmuller v. Sarasota Cnty. Gov't*, No. 8:20-CV-47-T-33SPF, 2020 WL 10318567, at *1 (M.D. Fla. July 20, 2020); *Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 11520180, at *2 (S.D. Fla. May 4, 2010).

Dero has failed to carry its burden. Indeed, it offers no opposition to Triton's request for costs and fees. That ends the matter. *See Eichmuller*, 2020 WL 10318567, at *2 (awarding attorney fees where the "[d]efendant . . . failed to provide any meaningful opposition to [the] request for sanctions"); *KePRO Acquisitions, Inc.*, 2021 WL 6883475, at *3 (levying attorney fees where the opposing party "fail[ed] to present evidence supporting any of the three exceptions listed in Rule 37(a)(5)(A)").

Accordingly, it is now **ORDERED**:

1. Triton, Inc.'s Motion to Compel (Doc. 93) is **GRANTED**. Dero must provide updated discovery responses consistent with this Order by June 1, 2023.

2. Within fourteen days of this order, the parties must meet and confer about the amount of attorney's fees and expenses sought by Triton, Inc.

3. If the parties cannot agree, Triton, Inc. must submit a motion, which includes necessary supporting documents, detailing its reasonable expenses and fees.

**ENTERED** in Fort Myers, Florida this May 19, 2023.

*[signature]*

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record