UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DERO ROOFING, LLC,

    Plaintiff,

v.                                        Case No.:  2:21-cv-688-SPC-KCD

TRITON, INC.,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Triton, Inc.'s Supplemental Motion on Amount of Attorney's Fees. (Doc. 108.)[1] Plaintiff Dero Roofing, LLC responded (Doc. 115), making this matter ripe. For the reasons below, Triton's motion is granted in part and denied in part.

## I. Background

This is a products liability suit that was previously before the Court on a discovery dispute. Triton won, and under Fed. R. Civ. P. 37(c), was awarded "expenses and fees incurred in making th[e] motion." (Doc. 96 at 8.) The parties were given time to confer about an appropriate award, but those efforts failed. Triton is now back asking for "$5,490.00 in attorney's fees." (Doc. 108 at 6.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

## II. Discussion

Federal courts calculate an attorney's fee award under Rule 37 using the lodestar method. *Smith v. Atlanta Postal Credit Union*, 350 F. App'x 347, 349 (11th Cir. 2009). The "lodestar" is determined by "multiply[ing] the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *see also Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) ("[T]he starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate.").[2]

A "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id*. In turn, the "relevant legal community" is "the place where the case is filed." *Am. C.L. Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). "If a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims." *Id.*

---

[2] After calculating the lodestar, the district court may determine that an enhancement is appropriate "based on evidence that enhancement was necessary to provide fair and reasonable compensation." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010). Triton does not seek an enhancement, and thus this issue is not discussed further.

The fee applicant, Triton here, bears the burden of proving that the requested hourly rate tracks the prevailing market. *Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l*, No. 6:08-CV-1182-ORL22DAB, 2010 WL 98991, at *4 (M.D. Fla. Jan. 6, 2010). "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work[,]" and typically includes "direct evidence of charges by lawyers under similar circumstances or . . . opinion evidence." *Norman*, 836 F.2d at 1299. In any event, the district court is also an expert on hourly rates charged in the local community and may "consult its own experience in forming an independent judgment." *Glob. Events Mgmt. Grp., Inc. v. Mullins*, No. CV 113-101, 2015 WL 5334304, at *2 (S.D. Ga. Sept. 14, 2015).

The second step in determining the lodestar is to assess the reasonable number of hours expended. Here too the fee applicant bears the burden. In doing so, he "must exercise what the Supreme Court has termed billing judgment." *Barnes*, 168 F.3d at 428. Excessive, redundant, or otherwise unnecessary hours—i.e., hours that would be unreasonable to bill to a client— must be excluded. If the fee application does not eliminate "excessive, redundant, or otherwise unnecessary hours" the court must do it. *Id.* "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.*

Turning back to this case, Triton seeks fees paid to its "lead counsel" in Iowa (Brandon Underwood and Thomas Patton) and "local counsel" in Tampa (Caycee Hampton). Underwood and Patton charge $345 and $350 an hour, respectively. Hampton, meanwhile, commands $540 an hour. According to Triton, these rates are reasonable because they are "consistent with rates charged by other firms in their geographic regions and by lawyers with comparable skill, experience, and reputation." (Doc. 108 at 5.)

To be sure, Triton's experienced counsel are entitled to an hourly rate commensurate with their credentials. But the problem is that the relevant community is Fort Myers—not Iowa or Tampa. *See Tran v. Nomad Grp. LLC*, No. 8:20-CV-1945-CEH-SPF, 2022 WL 20054158, at *4 (M.D. Fla. Nov. 18, 2022). Triton offers no evidence that it could not hire a local attorney to handle this matter where it was filed. Against this silence, Triton's request for a fee award based on out-of-market rates is unsubstantiated. *See Barnes*, 168 F.3d at 437 ("The district court clearly erred in awarding non-local rates without finding that the plaintiffs had carried their burden of showing there were no attorneys in Atlanta—the place where this case was filed—who were willing and able to handle their claims.").

This does not mean that Dero wins by default. The Court must instead consult its own experience to determine the prevailing market rate. *Norman*, 836 F.2d at 1303; *see also Flexsteel Pipeline Techs., Inc. v. Chen*, No. 5:16-CV-

4

239-TKW-GRJ, 2020 WL 13189031, at *3 (N.D. Fla. Apr. 27, 2020) (explaining the district court is "not relieved from its obligation to award a reasonable fee where documentation is inadequate").

Drawing from its familiarity with other commercial litigation attorneys who have come before it, and its expertise about the market value of the services they provide, the rates sought by Triton's Iowa counsel ($345 and $350) are reasonable if not slightly below what is currently charged. The rate for Tampa counsel, however, is slightly high. This is especially so considering that Ms. Hampton is serving as local counsel and appears to have a limited role that does not call on special knowledge or skill outside of familiarity with this jurisdiction. The Court will thus reduce Ms. Hampton's hourly rate to $450 to reflect the local market for an attorney with her experience level (9 years as a civil litigator). *See, e.g., Cirrincione v. Davey Tree Expert Co.*, No. 6:22-CV-1275-PGB-LHP, 2023 WL 3172500, at *1 (M.D. Fla. May 1, 2023); *Denning v. Mankin L. Grp., P.A.*, No. 8:21-CV-2822-MSS-MRM, 2023 WL 2655187, at *4 (M.D. Fla. Feb. 15, 2023).

Turning to the second step, Triton requests reimbursement for 14.6[3] "hours [spent] in securing the Court's order compelling Dero to comply with its discovery obligations." (Doc. 108 at 5.) Here is the breakdown: 12.2 hours by

---

[3] Triton's motion contains a typo regarding the hours attributed to the motion to compel. The exhibits, however, make clear that the appropriate number is 14.6. (Docs. 108-1, 108-2.)

5

Iowa counsel, and 2.4 by Ms. Hampton. (Docs. 108-1, 108-2.) Before delving into these numbers, the Court pauses briefly to discuss its role here. The Eleventh Circuit has cautioned that a "request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "The essential goal . . . is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Therefore, "courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.* "In the final analysis, exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F.2d at 1301.

Exercising its discretion, the Court finds that the time claimed by Triton is reasonable. This is not a case where counsel filed a boilerplate discovery motion devoid of substance. Triton's motion addressed four substantive issues—and prevailed on each. The billing records also reflect that each attorney made distinct contributions to the process. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988) ("There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer.").

Dero disputes the hours claimed by Triton's counsel. (Doc. 115.) But rather than offering a substantive argument, Dero simply proclaims "12.6

6

hours is not reasonable for drafting a Motion to Compel in this case." (*Id.* at 6.)[4] This will not do. "[A] boilerplate objection," like Dero offers here, "merits no more" than a boilerplate rejection. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1197 (11th Cir. 2002); *see also Johnson v. Borders*, No. 6:15-CV-936-ORL-40-DCI, 2019 WL 8105907, at *3 (M.D. Fla. June 19, 2019) ("[A] party opposing a fee application should also submit objections and proof that are specific and reasonably precise.").

One last issue. In its opposition, Dero also claims that Triton's motion to compel "was frivolous." (Doc. 115 at 6.) But this argument is too little, too late. The time to contest the merits of Triton's motion has long passed. We are here to assign Rule 37 fees, not relitigate whether Triton should have prevailed on the underlying discovery dispute.

Accounting for the reduction in Ms. Hampton's hourly rate noted above, the Court finds that Triton is entitled to a fee award of $5,274.00. Accordingly, it is now **ORDERED**:

    1.    Triton, Inc.'s Supplemental Motion on Amount of Attorney's Fees. (Doc. 108) is **GRANTED IN PART AND DENIED IN PART**.

        a.  Triton's request for attorneys' fees under Rule 37 is granted in the amount of $5,274.00.

---

[4] Dero's response is not paginated. Thus, reference is made to the page numbers generated by the Court's electronic filing system.

      b. Dero must pay said amount within thirty days of this Order.

      c. All other relief sought is denied.

**ENTERED** in Fort Myers, Florida this July 13, 2023.

*Kyle C. Dudek*
Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record

8