UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DERO ROOFING, LLC,

    Plaintiff,

v.                                    Case No.:  2:21-cv-688-SPC-KCD

TRITON, INC.,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Dero Roofing, LLC's ("Dero") Motion for Reconsideration (Doc. 106), along with Defendant Triton Inc.'s ("Triton") Response in Opposition (Doc. 110). The Court denies Plaintiff's Motion for Reconsideration.

## BACKGROUND

This is a products liability case that has been pending for over a year. Dero is a contractor that repaired hurricane damage to two condominium buildings, Casa de Marco and Huron Cove ("the condominiums"). At this case's inception, there were two defendants—Triton, Inc. and BASF Corporation. Defendants manufactured and distributed TritoCryl, TritoFlex, (collectively, the "Products") and a Sprayer for the application of the Products, all used by Dero in the repair of the condominiums. The Products, when applied by Dero

with the Sprayer, did not perform well and streaked down the roof tiles onto other parts of the condominium buildings. The condominiums assigned Dero their legal claims against Triton concerning the Products.

There have been several rounds of amended complaints and corresponding motions to dismiss. Dero filed a Fourth Amended Complaint in August 2022. (Doc. 67). Motions to Dismiss this Fourth Amended Complaint were filed by both Triton (Doc. 68) and BASF Corporation (Doc. 69). The Court issued its Order concerning these Motions to Dismiss in October 2022. (Doc. 76). This Order dismissed several of the claims, including the claims related to TritoFlex and the Sprayer. (Doc. 76). In this Order, the Court also stated that "all damage to the roof is barred by the economic loss doctrine." (Doc. 76 at 12).

The current operative pleading is Dero's Fifth Amended Complaint, filed in November 2022. (Doc. 78). In this Complaint, Dero asserts strict liability claims against both Defendants and a negligence claim solely against Triton. (Doc. 78). After a November 2022 Motion to Dismiss (Doc. 79), only the claims against Triton survived. (Doc. 85). The Court ruled on the Motion to Dismiss the Fifth Amended Complaint in February 2023. (Doc. 85).

In June 2023—after the Court's ruling on the Motion to Dismiss Dero's *Fifth* Amended Complaint—Dero filed a Motion for Reconsideration (Doc. 106)

concerning the Court's Order on the Motion to Dismiss Dero's *Fourth* Amended Complaint (Doc. 76).

## LEGAL STANDARD

Fed. R. Civ. P. 60(b)(6) authorizes a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." "Relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances, and that, absent such relief, an extreme and unexpected hardship will result." *SEC v. N. Am. Clearing, Inc.*, 656 F. App'x 947, 949 (11th Cir. 2016) (citing *Griffin v. Swim-Tech Corp.,* 722 F.2d 677, 680 (11th Cir. 1984)).  A motion under Rule 60(b) must be made within a "reasonable time." Fed. R. Civ. P. 60(c).

A motion for reconsideration cannot be used as a vehicle through which to "relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009).  When considering a motion for reconsideration, the court must "proceed cautiously, realizing that 'in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" *United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (quoting *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D.

3

480, 489 (M.D. Fla. 1999)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. Feb. 18, 1993) (quoting *Kuenz v. Goodyear Tire & Rubber Co.,* 617 F. Supp. 11, 14 (N.D. Ohio 1985)). So the moving party "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

## DISCUSSION

Dero's Motion for Reconsideration is denied because it is untimely and attempts to relitigate matters which have previously been litigated.

Fed. R. Civ. P. 60(c) leaves the timing of a motion under Rule 60(b) largely open-ended: "A motion under Rule 60(b) must be made within a reasonable time—and for [mistake, inadvertence, surprise, or excusable neglect], [newly discovered evidence], and [fraud], no more than a year after the entry of the judgment or order or the date of the proceeding." Dero moves under Rule 60(b)(6), which is arguably improper.[1] But the timing for any Rule

---

[1] Dero's primary argument is that the Court misunderstood or misapplied the economic loss doctrine. Such an argument should have been made under Rule 60(b)(1). "A mistake under Fed. R. Civ. P. 60(b)(1) includes a judge's errors of law." *Kemp v. United States,* 142 S. Ct. 1856, 1862 (2022). "[A] party may not avail himself of the broad 'any other reason' clause of 60(b) if his motion is based on grounds specified in clauses 60(b)(1) through (5)." *Lillo v.*

60(b) motion is judged by reasonableness. And by that standard, Dero's motion is untimely.

Dero moved for reconsideration of the Court's Order nearly eight months after it was issued. Dero offers no justification for this lengthy delay, and the unreasonableness of the delay is compounded by the posture of the case. Dero moved for reconsideration of the Court's Order on the Motion to Dismiss the Fourth Amended Complaint *after the Court had already ruled on the Motion to Dismiss the Fifth Amended Complaint.* In other words, Dero waited to move for reconsideration until another round of the Amended Complaint-Motion to Dismiss-Order cycle had been completed.

While Dero does not explain this delay, Dero attempts to make the delay work in its favor by arguing that the Fifth Amended Complaint addresses deficiencies in its Fourth Amended Complaint. ([Doc. 106 at 13](#)). Specifically, Dero alleges it has made additions to its Fifth Amended Complaint which would allow its claims to circumvent the economic loss doctrine. ([Doc. 106 at 13](#)). But there is a problem with this. Only one of the five allegedly supportive sentences in the Fifth Amended Complaint appeared in the Fourth Amended Complaint. This is a problem because the Court specifically told Dero in its

---

*Bruhn*, 522 F. App'x 508, 509 (11th Cir. 2013) (internal citations omitted). But Dero has not used Rule 60(b)(6) to try to circumvent the "one year" rule applicable to Rule 60(b)(1), so Dero's mischaracterization is largely inconsequential.

5

Order on the Motion to Dismiss the Fourth Amended Complaint that Dero "does not have leave to add anything to the pleadings." (Doc. 76 at 16). So Dero is asking the Court to reconsider its Order on the Motion to Dismiss the *Fourth* Amended Complaint based on content Dero added to its *Fifth* Amended Complaint—without the Court's permission.

But even setting that aside, there is yet another (even more serious) problem. Dero tries to use its Motion to Reconsider to re-argue points that have already been litigated. A Rule 60 motion cannot be used as a vehicle through which to "relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009). And yet Dero is asking the Court to reconsider its position on the economic loss doctrine—an issue Dero had the opportunity to litigate in its Reply to Defendant Motions to Dismiss. (Doc. 70). In fact, Dero *did* litigate the issue at that time. Dero took the position that "the economic loss rule is wholly inapplicable." (Doc. 70 at 5). The Court decided otherwise.

Now, Dero wants a do-over. But Dero does not cite any good cause for a do-over. Dero does not cite any emergent case law concerning the economic

6

loss doctrine.[2] Dero does not cite any newly discovered evidence. Dero makes "new" arguments—such as its argument that Tritocryl's risks create an exception to the economic loss doctrine.[3] But new arguments on old issues are not the purpose of a Motion for Reconsideration. Dero also restates old arguments, but re-raising old arguments is not the purpose of a Motion for Reconsideration either. Dero wants "two bites of the apple" concerning the economic loss doctrine. *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.,* 763 F.2d 1237, 1239 (11th Cir. 1985). But "opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Carter v. Premier Rest. Mgmt.,* No. 2:06-cv-212-FtM-99DNF, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006) (citing *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.,* 123 F.R.D. 282, 288 (N.D. Ill. 1988)).

Dero has been granted many do-overs in this case—as evidenced by the fact that the operative pleading is the Fifth Amended Complaint. But Dero has had its chance to litigate the economic loss doctrine, and it will not be granted another.

---

[2] The most recent economic loss doctrine case Dero cites in its Motion for Reconsideration is *Tiara Condo. Ass'n v. Marsh & McLennan Cos.,* 110 So. 3d 399 (Fla. 2013), which was decided approximately a decade before the Court's Order.

[3] Some of these "new" arguments also change the facts—facts that are 3-4 years old. Dero, for instance, accuses the Court of "quite literally *assum[ing]* . . . the Associations . . . paid for completed roofs, not individual parts that could later make up a roof." (Doc. 106 at 9). But the Court did not *assume* this. The Fourth Amended Complaint specifically refers to the subject "roof replacements" (Doc. 67 at 1, 4). Now, in its Motion for Reconsideration, Dero says that the roofs were never replaced. (Doc. 106 at 9).

Accordingly, it is now

**ORDERED:**

Plaintiff Dero Roofing, LLC's Motion for Reconsideration (Doc. 106) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 26, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record