UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DERO ROOFING, LLC,

     Plaintiff,

v.                        Case No.:  2:21-cv-688-SPC-KCD

TRITON, INC.,

     Defendant.

_____/

## ORDER

Before the Court is Defendant Triton Inc.'s Motion to Strike Expert Report and Exclude Opinions and Testimony of Mr. Rodney Flynn. (Doc. 127.)[1] Plaintiff Dero Roofing, LLC has responded in opposition. (Doc. 129.) Triton's motion is now granted.

## I. Background

Triton sells a product called Tritocryl, which Dero purchased and applied as part of two roof renovations. (Doc. 78 at 3.) Dero alleges design and manufacturing defects caused the product to fail, resulting in "significant damage" to each building. (*Id.* at 4.) Dero now sues Triton for introducing a defective product "into the stream of commerce." (*Id.* at 2.)

_____

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

In support of its claim for damages, Dero intends to offer the testimony of an expert—Rodney Flynn. Dero's expert disclosure supplies the broad outlines of his anticipated testimony:

> Mr. Rodney Flynn
> c/o R-D Adjusting, Inc.
> 4921 Palmetto Dr Fort Pierce, FL 34982
> (772) 201-2428
>
> Report dated: November 1, 2021
>
> Rodney Flynn works for a licensed public adjuster in Florida and was hired to perform an inspection of the subject properties on or around November 17, 2021 and create a damage report for those damages caused by the failure of Tritocryl 2k, and is expected to testify as to the line item replacement costs of each specific damage associated with quantities, unit pricing, and areas including but not limited to the pitched roof, the flat roof, the exterior, the pool area, and screen enclosures of the subject properties.

(Doc. 127-1.)

Along with the disclosure, Dero provided Triton with two repair estimates from November 2021. (Doc. 129 at 1-2.) The repair estimates are itemized lists that identify the cost of materials and labor needed to repair the allegedly damaged property. (Doc. 127-2, Doc. 127-3, Doc. 127-4, Doc. 127-5.) The estimates were reportedly prepared using a computer program called "Xactimate." (Doc. 129 at 1.) Photographs of the damaged property are also included with the estimates. (Doc. 127-3, Doc. 127-5.)

Triton now moves to "strike Mr. Flynn . . . and bar Dero from utilizing his testimony on any motion, at any hearing, or at trial[.]" (Doc. 127 at 9.) This relief is appropriate, according to Triton, because Dero has not properly disclosed Flynn as an expert under Federal Rule of Civil Procedure 26(a)(2). Specifically, Dero failed "to submit anything even remotely resembling an expert report." (*Id.* at 2.)

## II. Legal Standard

Rule 26 of the Federal Rules of Civil Procedure governs expert witness discovery. Fed. R. Civ. P. 26(a). It is designed to prevent litigation by surprise and ensure each party can "prepare their cases adequately." *Reese v. Herbert*, 527 F.3d 1253, 1265-66 (11th Cir. 2008). To meet this goal, Rule 26 requires litigants to disclose each expert witness they may call at trial. Fed. R. Civ. P. 26(a)(2)(A).

Rule 26 sets different disclosure requirements for retained and non-retained experts. The distinction between retained experts, whose disclosures are subject to Rule 26(a)(2)(B), and non-retained experts, whose disclosures are governed by Rule 26(a)(2)(C), turns on "when and why an expert witness was hired," rather than the subject of the expert's testimony. *Cedant v. United States*, 75 F.4th 1314, 1324 (11th Cir. 2023). A retained expert is a witness "retained or specially employed to provide expert testimony in the case or one

whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).

Disclosures for retained experts must include, among other things, "a written report containing a complete statement of all opinions the witness will express and the basis and reasons for them[.]" *Dobbs v. Allstate Indem. Co.*, No. 21-13813, 2022 WL 1686910, at *2 (11th Cir. May 26, 2022). Non-retained experts, on the other hand, need not provide a written report. Instead, the disclosing party must summarize the subject matter of the expert's testimony, the opinions they will offer, and the facts on which their opinions are based. Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii).

### III. Discussion

Neither party disputes that Flynn is a retained expert. (Doc. 127, Doc. 129.) Dero hired him to inspect the property and create a damage report. (Doc. 127-1.) And both tasks were performed after this lawsuit was filed. (Doc. 1, Doc. 6., Doc. 127-2, Doc. 127-3, Doc. 127-4, Doc. 127-5.) Flynn is thus a retained expert hired to support Dero's theory of the case, rather than someone engaged to assess the cause and extent of an injury outside the litigation process.

As mentioned, a retained expert must provide a report. There is no written, signed report from Flynn here. Instead, Dero has provided Triton with two repair estimates. According to Dero, the estimates are sufficient when combined with Flynn's expert disclosure because they include "a complete

statement regarding the opinions to be made." (Doc. 129 at 3.) These facts present a straightforward question: do the documents provided by Dero satisfy Rule 26(a)(2)(B)'s requirements for an expert report?

### A. Dero's Disclosures Fall Short of Rule 26(a)(2)(B)

When interpreting the Federal Rules of Civil Procedure, "a court's proper starting point lies in a careful examination of the ordinary meaning and structure of the [rule] itself." *Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2364 (2019); *see also Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*, 498 U.S. 533, 540-41 (1991) ("We give the Federal Rules of Civil Procedure their plain meaning."). Looking at the plain language of Rule 26(a)(2)(B), an expert report must be "prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). And it must include the items in subsections (i) through (vi). Fed. R. Civ. P. 26(a)(2)(B). An expert report that does not contain these elements is deficient.

The documents provided by Dero—whether considered individually or together—do not meet the requirements of Rule 26. Indeed, they contain none of the elements of a proper expert report. *See Cape Christian Fellowship, Inc. v. Landmark Am. Ins. Co.*, No. 2:20-CV-410-JLB-NPM, 2022 WL 971776, at *9 n.12 (M.D. Fla. Mar. 31, 2022); *Kendall Lakes Towers Condo. Ass'n, Inc. v. Pac. Ins. Co.*, No. 10-24310-CIV, 2011 WL 6372198, at *4 (S.D. Fla. Dec. 20, 2011).

Beginning with the most elementary problem, nothing is signed by Flynn. *See* Fed. R. Civ. P. 26(a)(2)(B). "[A] Rule 26(a)(2)(B) written report must be prepared <u>and signed</u> by [the] expert." *Cedant*, 75 F.4th at 1320 (emphasis added). This does not appear to be a simple omission either. The estimates suggest someone else may be the author. (Doc. 127-2; 127-3.) Dero's response only adds to this uncertainty by providing the Court with contradictory representations of Flynn's role. (Doc. 129 at 1, 4.)

Statements of Flynn's qualifications and whether he has testified as an expert are also absent. *See* Fed. R. Civ. P. 26(a)(2)(B)(iv)-(v). While Dero's response to the pending motion tries to fill these gaps (Doc. 179 at 2-5), the information should have been provided to Triton during the discovery period, within an expert report. *See Cedant*, 75 F.4th at 1319-20.

Rule 26 further requires "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i); *Schenone v. Zimmer Holdings, Inc.*, No. 3:12-CV-1046-J-39MCR, 2014 WL 9879924, at *18 (M.D. Fla. July 30, 2014) (explaining that an expert report must "include the substance of the testimony which [they are] expected to give on direct examination together with the reasons therefor"). This includes the disclosure of "any material considered by the expert, from whatever source, that contains factual ingredients." *Elevate Fed. Credit Union v. Elevations Credit Union*, 67 F.4th 1058, 1069 (10th Cir. 2023). "Expert

reports can be stricken if they offer conclusory opinions and do not contain some discussion of [the expert's] reasoning and [the] thought process that lead to the[] ultimate opinions." *Glowner v. Muller-Martini Mailroom Sys., Inc.*, No. 8:09-CV-01768-EAK, 2012 WL 276193, at *2 (M.D. Fla. Jan. 31, 2012). Simply put, an expert report that does not explain "how" and "why" does not comply with Rule 26. *Schenone*, 2014 WL 9879924, at *18.

Dero's repair estimates project a total cost of $386,895.04 to be apportioned among various items. (Doc. 127-3.) But neither the estimates nor the expert disclosure tell us how Flynn arrived at that figure. For example, despite Dero's declaration that Flynn's testimony is essential because he is the only person to have inspected the property (Doc. 129 at 4-5), the estimates do not link the contemplated scope of work to any observations Flynn made. (*See* Doc. 127-2, Doc. 127-3, Doc. 127-4, Doc. 127-5.) In fact, the repair estimates do not mention any of Flynn's observations. They also fail to explain how Flynn determined the scope of work to be performed or how he used Xactimate to generate the estimate. In short, the repair estimates do not include all of Flynn's opinions or explain how he arrived at the figures reported. Thus, the estimates do not satisfy Rule 26. *See, e.g., Cape Christian Fellowship, Inc.*, 2022 WL 971776, at *9 n.12.

Dero tries to bolster the deficient repair estimates by arguing the expert disclosure "includes a complete statement regarding the opinions to be made."

(Doc. 129 at 3.) Not so. Flynn's expert disclosure merely provides the broad strokes of his expected testimony. It provides none of his actual opinions or the facts on which those opinions are based. Such perfunctory analysis cannot even satisfy the lower threshold for unretained experts. *See Corbin v. Prummell*, 2023 U.S. Dist. LEXIS 176682 (M.D. Fla. Oct. 2, 2023). It follows, then, that Dero's expert disclosure does not meet the heightened requirements imposed by Rule 26(a)(2)(B). *See Cedant*, 75 F.4th at 1320 ("A witness who is retained . . . has significant pretrial disclosure requirements under Rule 26[.]").

The documents from Dero also lack any mention of how Flynn will be compensated. Under Rule 26, an expert report must state how the expert will be paid. Fed. R. Civ. P. 26(a)(2)(B)(vi). Dero claims it is relieved of this obligation because Flynn's employer, RD Adjusting, will recover only if the case settles. (Doc. 129 at 2.) The Court fails to see how Dero's arrangement with RD Adjusting nullifies Rule 26's text. Dero needed to disclose the contingency fee agreement with RD Adjusting. Its omission is yet another deficiency. *See OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1362 (11th Cir. 2008) ("Rule 26 mandates that an expert's written report contain specific information—such as the expert's compensation for study and testimony[.]").

Rather than defend its conduct under Rule 26, Dero seeks to shift the burden to Triton. According to Dero, Triton could have acquired the information it seeks by simply deposing Flynn. (Doc. 129 at 5.) But "[a]n expert

report must be so complete that opposing counsel is not forced to depose an expert in order to avoid ambush at trial." *Calhoune v. Ford Motor Co.*, No. 17-61702-CIV, 2018 WL 7287871, at *1 (S.D. Fla. Dec. 26, 2018). More to the point, "Rule 26(a)(2) does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony." *Moore v. GNC, Holdings, Inc.*, No. 12-61703-CIV, 2014 WL 12684287, at *4 (S.D. Fla. Jan. 24, 2014). It was Dero's burden to ensure compliance with Rule 26. Having failed to do so, Dero cannot shift the blame to Triton. To hold otherwise would render Rule 26's requirements superfluous.

## B. Dero's Failure to Comply with Rule 26(a)(2)(B) is Neither Substantially Justified nor Harmless

"[C]ompliance with the requirements of Rule 26 is not merely aspirational." *Long v. E. Coast Waffles, Inc.*, 762 F. App'x 869, 870 (11th Cir. 2019). Instead, it "is necessary to allow both sides . . . to prepare their cases adequately and to prevent surprise." *Roster v. GeoVera Specialty Ins. Co.*, No. 2:21-CV-806-JLB-KCD, 2023 WL 1824563, at *3 (M.D. Fla. Jan. 3, 2023). When a party fails to provide information required by Rule 26, as here, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Rule 37(c) thus empowers courts to strike an expert unless the violation of Rule 26 was substantially justified or harmless. *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019). While exclusion of an expert can be a drastic remedy, "[t]he law is well-settled that district courts have broad discretion to exclude expert-witness testimony that is untimely or fails to satisfy the procedural requirements of Rule 26(a)(2)." *Carmody v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-CV-830-ORL-37, 2015 WL 2169226, at *2 (M.D. Fla. May 8, 2015); *see also Rodriguez v. Walmart Stores E., L.P.*, No. 21-14300, 2022 WL 16757097, at *2 (11th Cir. Nov. 8, 2022).

The party who violated Rule 26 bears the burden of establishing its noncompliance was substantially justified or harmless. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). Starting with the former, "[f]ailure to comply with Rule 26(a) is substantially justified when a reasonable person would be satisfied that [the] parties could differ as to whether the party was required to comply with the disclosure request." *WM Aviation, LLC v. Cessna Aircraft Co.*, No. 611CV2005ORL18GJK, 2013 WL 12392477, at *3 (M.D. Fla. Apr. 12, 2013). "The proponent's position must have a reasonable basis in law and fact." *Id.* "The test is satisfied if there is [a] genuine dispute concerning compliance." *Id.*

Dero does not argue its conduct was substantially justified. (*See* Doc. 129.) Nor could it. As discussed, Rule 26(a)(2)(B) clearly states what an expert

report must include. There can be no genuine dispute that the documents from Dero fall well short of what is required. *See, e.g.*, *Armstead v. Allstate Prop. & Cas. Ins. Co.*, No. 1:14-CV-586-WSD, 2016 WL 878507, at *2 (N.D. Ga. Mar. 8, 2016) (rejecting estimates submitted as an expert report because they did not "meet even the basic requirements of Rule 26"); *see also Touch of Class II v. Scottsdale Ins. Co.*, No. 218CV419FTM99MRM, 2019 WL 5085310, at *2 (M.D. Fla. May 28, 2019).

Thus, the Court turns to the second escape hatch—harmlessness. Courts have "broad discretion" in this area. *Superior Consulting Servs., Inc. v. Shaklee Corp.*, No. 616CV2001ORL31GJK, 2018 WL 3059995, at *6 (M.D. Fla. May 31, 2018). In considering whether a Rule 26(a)(2) violation is harmless, five factors are typically weighed: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence." *Gulfpoint Constr. Co., Inc. v. Westfield Ins. Co.*, No. 2:22-CV-86-SPC-NPM, 2023 WL 3304261, at *1 (M.D. Fla. May 7, 2023).

Only the fourth factor provides Dero shelter. Flynn's testimony and repair estimates are seemingly critical. Without Flynn, Dero's case may well end. *See Lowery v. Sanofi-Aventis LLC*, 535 F. Supp. 3d 1157, 1172 (N.D. Ala.

2021) ("An essential element of all product liability cases is expert testimony."). Everything else, however, weighs against excusing noncompliance.

Starting with the first factor, which considers surprise to the opposing party, "the expert disclosure rule is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Reese*, 527 F.3d at 1265. Dero's expert disclosure allowed for none of this. Because of the perfunctory nature of Flynn's estimates, Triton's attorneys and experts could not evaluate or rebut the documented figures or the reasoning behind them. This surely undermined Triton's ability to prepare a defense. "The disclosure requirements of Rule 26(a)(2) are intended to prevent precisely this type of surprise." *Armstead*, 2016 WL 878507, at *2.

As for the second factor—ability to cure the surprise—Triton asked Dero to provide the information called for in Rule 26 before the end of discovery. (Doc. 131-1, Doc. 131-2.) But Dero backed itself into the discovery deadline, thus denying Triton the opportunity to cure any surprise that would result from Dero's failure to comply with Rule 26. Again, Dero asserts that fault lies with Triton for not deposing Flynn. (Doc. 129 at 5.) But "Rule 26(a)(2) does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony." *Moore*, 2014 WL 12684287, at *4.

Under the third factor, which considers disruption, allowing Dero to belatedly comply with Rule 26 would interrupt these proceedings. Discovery has closed and Triton is seeking summary judgment. So this case would take a significant step back if discovery reopened. To be sure, reopening discovery is an option. Yet that need not be done where there is undue delay by the disclosing party. *Perrigo Co. v. Merial Ltd.*, No. 1:15-CV-03674-SCJ, 2018 WL 11350563, at *6 (N.D. Ga. Apr. 30, 2018). Triton informed Dero of the deficiencies in its expert disclosure before discovery closed. (Doc. 131-1, Doc. 131-2.) Dero opted to do nothing with that information and instead sat on its hands. Under those circumstances, the Court need not give Dero a second bite at the apple.

Finally, regarding the fifth factor, Dero offers no explanation for its failure to follow Rule 26. It's not as if Rule 26 is newly enacted or vague. The requirements are well-known and straightforward. By all accounts, Dero could have complied with Rule 26. *See Armstead*, 2016 WL 878507, at *2 n.3 ("[T]he straightforward requirements of Rule 26(a)(2) [are] routinely met by parties litigating in federal court.").

On balance, the Court is not convinced that Dero should be allowed to belatedly amend Flynn's expert disclosure. Taking that path will derail the case, prejudice Triton, and essentially reward Dero for its dereliction. These are the exactly the circumstances where Rule 37 envisions preclusion. *See, e.g.*,

*Mars v. Macy's Fla. Stores, LLC*, No. 0:19-CV-60687, 2019 WL 9078707, at *3 (S.D. Fla. Oct. 2, 2019); *Kramer v. Camden USA, Inc.*, No. 6:21-CV-567-RBD-DCI, 2022 WL 1395609, at *1 (M.D. Fla. Mar. 31, 2022).

## IV. Conclusion

This case has been pending for more than two years. And throughout that time, "Dero has been granted many do-overs[.]" (Doc. 121 at 7.) That stops now. Despite the obvious importance of Flynn's expert testimony, Dero all but ignored Rule 26. It then ignored Triton's request to provide an expert report before the discovery cutoff. And finally, Dero failed to show (or even argue) substantial compliance or harmlessness to excuse its patently deficient conduct. Having made its bed, Dero must now lie in it.

It is thus **ORDERED**:

1.      Defendant Triton Inc.'s (Triton) Motion to Strike Expert Report and Exclude Opinions and Testimony of Mr. Rodney Flynn is **GRANTED**;

2.      Flynn's report and expert testimony are stricken and excluded from any further consideration.

**ENTERED** in Fort Myers, Florida this October 30, 2023.


Kyle C. Dudek
United States Magistrate Judge